JAMES P. TURNAGE et al.

*v.*

MARY A. CRAIG et al.

*Opinion filed June 16, 1903.*

PARTITION—*heir may have partition subject to dower and homestead.*
An heir may maintain a bill for partition to have his interest set
off in severalty, subject to dower and homestead.

WRIT OF ERROR to the Circuit Court of Williamson
county; the Hon. A. K. VICKERS, Judge, presiding.

PILLOW & SMITH, for plaintiffs in error.

W. W. CLEMENS, for defendants in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is a bill for partition and the assignment of
dower and homestead, filed by James P. Turnage and
others in the circuit court of Williamson county. The
bill alleges that Josephine Rawls, on January 1, 1891,
was the owner of an undivided one-half of a forty-acre
tract of land in that county as tenant in common with
her husband, Lorin B. Rawls, who owned the other undi-
vided one-half; that on that date she died, her husband
and four daughters (one of whom was Al Rawls) surviv-
ing her; that at the time of her death she occupied the
land with her husband as their homestead, and that the
whole of said land did not exceed in value $1000; that
Al Rawls died on the first day of August, 1891, unmarried
and without issue, leaving her father, Lorin B. Rawls,
and her three sisters her only heirs-at-law; that after
the death of the wife, the husband, with the children,
who were then all minors, continued to occupy the land
as a homestead until August 10, 1891, when the husband
made a warranty deed conveying all his interest to W. B.
Craig; that Craig occupied the land until the date of his

death, December 21, 1898, leaving surviving him Mary A.
Craig, his widow, and four children, who are the defend-
ants in error here.    It is further alleged that the home-
stead and dower of Lorin B. Rawls were never set off to
him; that on February 1, 1902, he made a conveyance pur-
porting to relinquish his dower interest in the undivided
half (formerly owned by his wife) to his three children;
that one of the children, Daisy Rawls, on February 1
thereafter conveyed her interest in said premises to the
complainant James P. Turnage.    The bill then alleges
that the interests in said real estate are as follows: That
the children of W. B. Craig are the owners of eleven-
twentieths of said land, subject to the homestead and
dower interest of their mother, Mary A. Craig, and that
two of the Rawls children, and Turnage, the grantee of
the third child, are each the owners of an undivided
three-twentieths interest in said land.    The prayer is for
partition and the assignment of homestead and dower to
the widow, Mary A. Craig.    The infant children of W. B.
Craig filed a general answer by their guardian *ad litem,*
and the widow filed a general and special demurrer to
the bill, upon the ground, "first, the bill shows the land
described in the bill was not worth exceeding $1000, and
was the homestead of Lorin B. Rawls when Josephine
Rawls died and when Lorin B. Rawls sold and conveyed
the same to W. B. Craig, hence Lorin B. Rawls had a
right to convey a life estate in said W. B. Craig, and
Lorin B. Rawls is yet living."    The demurrer was sus-
tained and the bill dismissed.    Complainants now bring
the cause to this court by writ of error, insisting that
the bill should not have been dismissed.

We are at a loss to understand from the argument of
counsel the theory upon which the court held complain-
ants not entitled to partition.    Upon the death of Joseph-
ine Rawls her four daughters inherited the fee to her
undivided one-half interest in the lands in question, sub-
ject to the homestead rights of their father and them-

selves. One of the daughters died, and the share of that daughter passed to the father and to the three sisters, the father taking two parts and the three sisters each taking one part. The Rawls children then each owned three-twentieths of the whole, still subject to the said homestead rights and the dower interest of their father. The father owned the other undivided one-half in his own right and one-twentieth of the whole which he inherited from his said daughter. Craig, by virtue of the warranty deed to him releasing the homestead of the grantor, Rawls, obtained title to this eleven-twentieths. Upon the death of Craig his children took the fee to that interest, each inheriting one-third, subject to the homestead and dower interest of their mother, Mary A. Craig. It is well settled that the heir may maintain partition for the purpose of having his interest set off in severalty, subject to the homestead estate. The statute so provides. 3 Starr & Cur. Stat.—2d ed.—p. 2921; *Brokaw* v. *Ogle*, 170 Ill. 115. See, also, *Dinsmoor* v. *Rowse*, 200 id. 555.

The undivided one-half interest in the lands owned by Lorin B. Rawls which he conveyed to W. B. Craig is not subject to any homestead rights of the grantor's children. It is subject to the homestead and dower of the grantee's widow, Mary A. Craig. The owners of the fee have a right to have the same partitioned, subject to the dower and homestead estate of Mrs. Craig.

We are at a loss to perceive how the value of the homestead,—that is, whether it exceeded $1000 or not,—can affect the right of the owners of the fee to have partition. Of course, their interests can only be set off subject to all the rights of the owner of the homestead estate, whose title and possession must remain unaffected.

The decree of the circuit court will accordingly be reversed and the cause remanded for further proceedings in partition, according to the rights and interests of the parties there to be ascertained.

*Reversed and remanded.*